### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PRESTON TAYLOR TIMMONS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 21-1078-JAR-GEB |
| | ) |
| **WICHITA POLICE DEPARTMENT and** | ) |
| **CRYSTAL A. SHELL, aka Crystal A. Schell,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### REPORT AND RECOMMENDATION
### and
### ORDER

This matter is before the Court on three motions: Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3, *sealed*); Plaintiff's Motion for Appointment of Counsel (ECF No. 4), and Plaintiff's Motion to Amend/Correct Defendant's name and Motion for Body Cam Footage (ECF No. 6). For the reasons set forth below, the Court **RECOMMENDS** the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and this case be dismissed without prejudice. Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**, and Plaintiff's Motion to Amend/Correct Defendant's name and Motion for Body Cam Footage (**ECF No. 6**) is **GRANTED IN PART and DENIED IN PART**.

### I.    Background

Plaintiff Preston Taylor Timmons, proceeding pro se, brings this action against the Wichita Police Department and Crystal A. Shell. Plaintiff's ultimate claims appear to allege

a violation of his civil or equal rights under 28 U.S.C. § 1343. (ECF No. 1 at 3.) He claims an unnamed individual or entity "did not relay [his] disability to the prosecutor after [it] was known." (*Id*. at 3.) He claims lost job opportunities and wrongful judgment (*id*. at 4) and he asks for Crystal Shell to "lose her license" and other unclear remedies. Plaintiff also seeks $500,000 in monetary damages. (*Id*. at 3.)

## II.     Recommendation of Denial of *In Forma Pauperis* Motion (ECF No. 3)

Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[1] Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[2] Particularly in civil cases for damages, "courts should grant the privilege 'sparingly,'"[3] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[4] Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[5] But the decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[6]

---

[1] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[2] *Id*. (citing 28 U.S.C. § 1915(a)(1)).
[3] *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[4] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1.
[5] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs*, 1997 WL 321289, at *8).
[6] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Plaintiff's affidavit of financial status (ECF No. 3-1, *sealed*) is substantially incomplete. He indicates he is currently employed, but he did not complete the section requiring the amount of his monthly and/or weekly net income. (*Id*. at 2.) Plaintiff also indicates he receives Social Security benefits, but again leaves blank the line for the amount of such benefits. (*Id.* at 4.) Although Plaintiff articulates some monthly expenses, he does not indicate the amounts of monthly income he receives at either his employment or in government benefits. In order to determine whether Plaintiff is able to pay the filing fee, the Court takes into consideration his total household income as compared to his monthly expenses.[7] But as currently provided, Plaintiff's financial affidavit does not provide enough information by which the Court could surmise his total potential household income.

In some cases, such a deficiency in the financial affidavit would lead the Court to permit Plaintiff the opportunity to amend his filing. But, in this case, because the Court recommends dismissal of this case for failure to state a viable claim, the Court declines to offer amendment at this time and will deny Plaintiff's request to proceed without payment of fees for failure to provide the necessary financial information.

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's motion to proceed without payment of fees.[8] Accordingly, the undersigned magistrate judge **RECOMMENDS** the motion to proceed without

---

[7] *See Alexander v. Wichita Hous. Auth*., No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1).

[8] *See Lister,* 408 F.3d at 1312 (finding the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

prepayment of fees (**ECF No. 3**, *sealed*) be **DENIED**, pending review of the recommendation of dismissal herein.

## III. Sufficiency of Complaint and Recommendation of Dismissal

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[9] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[10] Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[11] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[12] and the Court cannot

---

[9] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[11] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[12] *Id.*

4

"take on the responsibility of serving as his attorney in constructing arguments and searching the record."[13] Fed. R. Civ. P. 8 "demands more than naked assertions."[14]

On review of the allegations of the Complaint, the undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. Although he checks the box on the form Complaint to contend a violation of his civil rights, Plaintiff does not provide facts to support this claim, aside from stating that an unnamed individual/entity failed to relay his disability to the prosecutor in some unidentified proceeding. By failing to provide any factual support for his allegations, Plaintiff fails to state a claim upon which relief may be granted, and the Court has no choice but to recommend dismissal.

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff Preston Taylor Timmons' claims against Wichita Police Department and Crystal A. Shell be dismissed without prejudice for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

---

[13] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[14] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

## IV.    Motion to Appoint Counsel (ECF No. 4)

For parties who do proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[15] But there is no constitutional right to counsel in a civil action.[16]

In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[17] In *Castner v. Colorado Springs Cablevision*,[18] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[19] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[20]

Applying the *Castner* factors to this case, the Court finds it inappropriate to appoint counsel at this time. Plaintiff has not fully demonstrated his lack of financial ability to secure counsel, as outlined in the recommendation of the dismissal of his motion to proceed

---

[15] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[16] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[17] *Jackson*, 2014 WL 494789, at *1.
[18]  *Castner*, 979 F.2d 1417.
[19] *Castner,* 979 F.2d at 1421.
[20] *Jackson,* 2014 WL 494789, at *3.

*in forma pauperis* above (*supra* Part II). Additionally, the remainder of the *Castner* prongs are not satisfied. Plaintiff has not convinced the Court of his diligence in searching for counsel. This Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes clear that the Court typically requires a plaintiff to discuss his or her case with at least five attorneys before seeking court-ordered representation. (*See* ECF No. 4.) However, this section of Plaintiff's motion is blank. And, as described above, the Court recommends this case be dismissed for failure to state a cognizable claim (*supra* Part III). Therefore, finding his claim lacks merit, the Court **DENIES** Plaintiff's request for appointed counsel (**ECF No. 4**).

V.  **Motion to Amend/Correct Defendant's Name and Motion for Body Cam Footage (ECF No. 6)**

After the filing of his Complaint, Plaintiff submitted a one-page, four-line document which the Court interprets to be a motion to amend or correct Defendant Crystal A. Shell's last name to "Schell." (ECF No. 6.) Because this matter has not yet been served on the defendants, the Court **GRANTS** Plaintiff's request to amend as a matter of course pursuant to Fed. R. Civ. P. 15, and directs the clerk's office to modify the docket to reflect "Crystal A. Schell" as Defendant.

Additionally, this document reads simply "Request [for] body cam footage." (*Id.*) In light of the Court's recommendation of dismissal, Plaintiff's request for body cam footage is **DENIED**.

## VI.  Conclusion

Although the Court allows Plaintiff some deference as a pro se litigant, it is simply unable to consider the pleadings he submitted based largely upon a significant lack of information. As noted above, despite the leniency afforded to him, the Court cannot "take on the responsibility of serving as his attorney in constructing [his] arguments" or assuming facts not included in the record presented.[21]

As set forth above, the undersigned U.S. Magistrate Judge enters the following rulings:

**IT IS THEREFORE RECOMMENDED** that the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and this case be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**, and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Defendant's name and Motion for Body Cam Footage (**ECF No. 6**) is **GRANTED IN PART and DENIED IN PART**.

**IT IS ORDERED** that, although Plaintiff is registered for electronic notifications and will receive an electronic copy of this order which satisfies the service requirement, a copy of this recommendation shall also be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within

---

[21] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[22]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 3rd day of May, 2021.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge

---

[22] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).